IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

PATRICK DURAY PORTLEY-EL, )
                          )
        Plaintiff,        )
                          )
v.                        )   Case No. CIV-08-160-D
                          )
MARY BLEVINS,             )
                          )
        Defendant.        )

## REPORT AND RECOMMENDATION
## ON REQUESTS FOR A DEFAULT JUDGMENT

Mr. Portley-El filed two requests for a default judgment. Both requests should be denied.

Mr. Portley-El filed a complaint in state court on January 28, 2008.[1] The docket sheet does not reflect service on the Defendant,[2] and the Plaintiff acknowledges[3] that he did not personally serve Ms. Blevins.[4] Instead, the Defendant removed the action to this Court[5] and

---

[1] *See* Civil Complaint, *Portley-El v. Blevins*, Case No. CJ-08-15 (Beckham Co. Dist. Ct. Jan. 28, 2008).

[2] Petition for a Default Judgment, Exh. A (July 28, 2008); *see also* Defendant's Response to Plaintiff's Motion for Default Judgment, Exh. 1 at pp. 1-2 (Aug. 12, 2008).

[3] *See* Petition for a Default Judgment at p. 2 (July 28, 2008) (explaining that Mr. Portley-El had no information concerning who had served Ms. Blevins or when she had been served).

[4] Ms. Blevins admits actual notice of the petition as early as January 28, 2008. *See* Notice and Petition of Removal at p. 1 (Feb. 15, 2008). But to be valid, service of process must substantially comply with Oklahoma's service statute. *See Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 798 (10th Cir. 2008). Actual notice is insufficient to show substantial compliance. *See id.* at 802 (reversing the denial of a motion to vacate a default judgment when the district court had relied in part on the defendants' actual notice of the petition to find

filed appearances by counsel on February 15, 2008.[6]  These appearances were equivalent to service.[7]  Thus, Ms. Blevins had until March 6, 2008, to respond,[8] and she did so on February 25, 2008.[9]  That response preceded the deadline by ten days.  In these circumstances, the Court should deny Mr. Portley-El's requests for a default judgment (Docs. 17-18).

The Plaintiff has the right to object to this report and recommendation.  The deadline for objections is February 2, 2009.[10]  The failure to timely object would foreclose appellate review of the suggested rulings.[11]

The referral is not terminated.

---

substantial compliance with Oklahoma service requirements).

[5]   *See* Notice and Petition of Removal (Feb. 15, 2008).

[6]   *See* Entry of Appearance (Stephen L. Geries) (Feb. 15, 2008); Entry of Appearance (Chris J. Collins) (Feb. 15, 2008); Entry of Appearance (Eric D. Cotton) (Feb. 15, 2008).

[7]   Okla. Stat. tit. 12 § 2004(C)(5) (2002 supp.) ("the voluntary appearance of a defendant is equivalent to service"); *see also Bumgarner v. Federal Deposit Ins. Corp.*, 764 P.2d 1367, 1369 (Okla. 1988) (stating that a party whose attorney makes a "general appearance" is subject to the jurisdiction of the court "irrespective of service of process" (citation omitted)).

[8]   *See* Fed. R. Civ. P. 81(c)(2)(B).

[9]   *See* Defendant's Answer to Civil Complaint (Feb. 25, 2008).

[10]   *See* W.D. Okla. LCvR 72.1.

[11]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 12th day of January, 2009.

_____
Robert E. Bacharach
United States Magistrate Judge