IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

PATRICK DURAY PORTLEY-EL,        )
                                 )
        Plaintiff,                )
                                 )
v.                               )   Case No. CIV-08-160-D
                                 )
MARY BLEVINS,                    )
                                 )
        Defendant.                )

**REPORT AND RECOMMENDATION CONCERNING
THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

The Plaintiff alleges that Ms. Mary Blevins, a Beckham County deputy court-clerk, refused to transmit his habeas petition to the sheriff for service of process. According to Mr. Portley-El, the refusal resulted in violation of the Oklahoma constitution, state laws, the federal constitution, and federal statutes. Civil Complaint, *Portley-El v. Blevins*, Case No. CJ-08-15 (Beckham Co. Dist. Ct. Jan. 28, 2008) ("Complaint"). Both parties have moved for summary judgment. Ms. Blevins' motion should be granted, and Mr. Portley-El's motion should be denied.

STANDARD FOR SUMMARY JUDGMENT

Both parties have moved for summary judgment. For the respective motions, the movant bears the burden to justify summary judgment. *See Trainor v. Appolo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002). For both sides, summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted). Beyond these generalities, the standard is applied differently to the parties based on the underlying burden of proof.

The burden of persuasion falls on the Plaintiff for the elements of a *prima facie* case.[1] Thus, Mr. Portley-El's burden is "more stringent" on his motion for summary judgment. *See Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). He "must establish, as a matter of law, all essential elements of the issue before the [Defendant] can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Id.* (citation omitted).

Because Ms. Blevins does not bear the burden of persuasion, she need only produce affirmative evidence negating an essential element of the claims or show that Mr. Portley-El lacks evidence to carry his burden of persuasion. *See id.* Once the Defendant satisfies her burden of production, the Plaintiff incurs a duty to present evidence creating "an inference of the existence of each element essential to the case with respect to which [he] has the burden of proof." *Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 443 F.3d 1240, 1243 (10th Cir. 2006) (citations omitted).

---

[1] *See Doe v. Bagan*, 41 F.3d 571, 573 (10th Cir. 1994) (stating that the plaintiffs bear the burden of proof on the essential elements of their case in a claim involving Section 1983).

## UNDISPUTED FACTS

For purposes of the cross-motions for summary judgment, the parties agree that:

- Mr. Portley-El filed a petition for a writ of habeas corpus in state court and requested service by the county sheriff[2] and

- rather than forward the petition to the sheriff for service, Ms. Blevins returned the document to the Plaintiff to serve via certified mail.[3]

## OFFICIAL CAPACITY FEDERAL CLAIMS: LACK OF EVIDENCE OF BECKHAM COUNTY'S LIABILITY

Liberally construed, the complaint alleges official and individual capacity claims against Ms. Blevins. *See* Complaint at p. 1 (naming Ms. Blevins "jointly as a Deputy Court Clerk" and "severally (in an individual capacity)"). The Defendant seeks summary judgment on the federal official capacity claims under the theory that Mr. Portley-El has presented no evidence to support county liability. The Court should grant Ms. Blevins' motion for summary judgment on this issue.

Allegations against Ms. Blevins in her official capacity are in reality causes of action against Beckham County,[4] and this entity cannot incur liability based solely on its

---

[2] *See* Defendant's Motion for Summary Judgment and Brief in Support at pp. 3-4 (July 28, 2008) ("Defendant's Motion for Summary Judgment"); Plaintiff's Response in Opposition to the Defendant's Motion for Summary Judgment at pp. 1-2 (Oct. 6, 2008) ("Plaintiff's Response").

[3] *See* Defendant's Motion for Summary Judgment at p. 4; Plaintiff's Response at p. 2.

[4] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (a suit against an officer in his official capacity is in essence a suit against the entity that the officer represents).

employment of someone who has committed a constitutional violation.[5] Instead, county liability arises only if the alleged wrongdoing had resulted from a county policy or custom.[6] "When a policy is not unconstitutional in itself, the county cannot be held liable solely on a showing of a single incident of unconstitutional activity." *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) (citation omitted).

In the complaint, Mr. Portley-El did not attribute any wrongdoing to a Beckham County policy or custom. *See* Complaint, *passim*. In her motion for summary judgment, Ms. Blevins argues that the Plaintiff lacks evidence to carry his burden of persuasion on this issue. Thus, Mr. Portley-El incurred a duty to present evidence creating "an inference of the existence" of this essential element. *See supra* p. 2. The Plaintiff did not provide that evidence, and Ms. Blevins is entitled to summary judgment on the federal official capacity claims. Consequently, the Court should deny Mr. Portley-El's motion for summary judgment on these claims.

---

[5]   *See Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) ("The County may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees." (citation omitted)).

[6]   *See Jett v. Dallas Independent School District*, 491 U.S. 701, 735-36 (1989) (stating that Section 1983 provides the exclusive federal damages remedy when state actors are accused of violating Section 1981, and under either theory the plaintiff must show that the violation "was caused by a custom or policy").

SECTION 1983:  INDIVIDUAL CAPACITY CLAIMS

According to Ms. Blevins, she enjoys absolute immunity in her personal capacity on the Section 1983 claims.[7]  She is correct.

I.   Absolute Immunity

With narrow exceptions, judges are absolutely immune from suit regardless of allegations of bad faith or malice.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This immunity extends to non-judicial officers who have carried out a judge's orders.[8]

II.   The Defendant's Evidence of a Judge's Instructions

Ms. Blevins provides evidence that she was acting pursuant to the orders of a state court judge.  For example, Ms. Blevins relies on an affidavit in which the first deputy court clerk stated under oath that:

- District Judge Haught had instructed the clerk's office to send the summons to the Plaintiff by certified mail and

- a staff member in the clerk's office had followed the judge's instructions in sending the summons to the Plaintiff.

---

[7]   Ms. Blevins did not assert immunity on the Section 1981 claims.

[8]   *See Valdez v. City and County of Denver*, 878 F.2d 1285, 1287-89 (10th Cir. 1989) (recognizing absolute immunity for court officials acting under the direction of a state court judge because "[a]bsolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel"); *see also Stein v. Disciplinary Board of the Supreme Court of New Mexico*, 520 F.3d 1183, 1191-92 (10th Cir. 2008) (absolute immunity may protect court clerks "'acting under the command of a court decree or explicit instructions from a judge'" (citing *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981))).

Defendant's Motion for Summary Judgment, Exh. 3.[9]

III.     Admissibility of the Evidence

The Plaintiff challenges the admissibility of the affidavit, arguing that:

- the affidavit was unsworn and did not contain language required by 28 U.S.C. § 1746(2),

- the affiant did not establish her competency to testify,

- the affidavit did not reflect whether the affiant had been present when the judge allegedly gave instructions to Ms. Blevins or when she acted,

- the affiant never stated that she had personally given instructions to Ms. Blevins or heard such instructions by the judge or the court clerk,

- the affidavit contains hearsay,

- the information in the affidavit was not disclosed under Fed. R. Civ. P. 26(a)(1)(A) and (B), and

- the affiant was biased for the Defendant.

Plaintiff's Response at pp. 3-4.  All of these arguments are invalid.

---

[9]     Ms. Blevins relies in part on an interrogatory answer which stated:

> I was told by Fayrene Dodson, Mary Jane Prather, and Judge Doug Haught that, pursuant to Judge Haught's interpretation, the Court Clerk is not required to serve a summons via certified mail, private process server, or via the Sheriff for the Petitioner.  It is the Petitioner's responsibility to serve a summons.

Defendant's Motion for Summary Judgment, Exh. 4 at pp. 4-5.  But as Mr. Portley-El argues, Ms. Blevins did not verify the interrogatory answer.  *See id.*, *passim*.  As a result, the interrogatory answer cannot be considered in connection with either party's motion for summary judgment.  *See Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) (unverified interrogatories could not be considered in the assessment of a motion for summary judgment); *see also Wichita Clinic, P.A. v. Columbia/HCA Healthcare Corp.*, 45 F. Supp. 2d 1164, 1205 (D. Kan. 1999) ("unverified interrogatory answers . . . are not a valid basis for factual findings in response to a summary judgment motion").

A.   <u>Alleged Deficiencies Under 28 U.S.C. § 1746(2)</u>

Mr. Portley-El complains that the affidavit was deficient under 28 U.S.C. § 1746(2). Under this law, if a document must be signed under oath and was not, the individual can alternatively submit an unsworn declaration that substantially follows a specified form. But the first deputy court clerk did sign the affidavit under oath.[10]  *See* 28 U.S.C. § 1746 (2000). The opening line of the affidavit states: "I, Fayrene Dodson, being duly sworn according to oath, depose and state . . . ." Defendant's Motion for Summary Judgment, Exh. 3. Below the affiant's signature, the notary public signed with the following statement: "Subscribed and sworn to before me this 25th day of July, 2008." *Id*. at p. 2. In light of the affiant's oath, compliance with Section 1746(2) was unnecessary.[11]

B.   <u>Alleged Failure to Establish Competency</u>

The Plaintiff also argues that the affiant did not establish her competency. But under federal law,[12] competency of a witness is presumed.[13]

---

[10]   By definition, an affidavit is made under oath. *See* Okla. Stat. tit. 12 § 422 (2001) ("An affidavit is a written declaration, under oath, made without notice to the adverse party.").

[11]   *See Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985) ("Affidavits are admissible in summary judgment proceedings if they are made under penalties of perjury; only unsworn documents purporting to be affidavits may be rejected." (citations omitted)); *see also Jenkins v. Winter*, 540 F.3d 742, 747 (8th Cir. 2008) (concluding that an affidavit was valid, for purposes of summary judgment, when it bore the affiant's signature, bore a notary seal, and an attestation before a notary public).

[12]   On the federal claims, competency is determined under federal law. *See* Fed. R. Evid. 601.

[13]   *See United States v. Allen J.*, 127 F.3d 1292, 1294 (10th Cir. 1997) ("Rule 601 establishes a presumption '[e]very person is competent to be a witness.'" (citing Fed. R. Evid. 601)).

### C. Failure to Specify Personal Involvement

According to Mr. Portley-El, the affidavit is also defective because the first deputy court clerk did not state whether she had been present when the judge allegedly gave instructions to the clerk's office or when Ms. Blevins allegedly acted on the instructions. This argument is invalid as a matter of law because the affiant need not state how she had acquired the information.[14]

As the Plaintiff points out, the affidavit must contain information that would permit a reasonable inference of personal knowledge on the part of the affiant. *See Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006). But, this inference is permissible from the context of the affidavit.[15] The affiant stated that she was the first deputy court clerk. One can reasonably infer that in this position, the affiant would have been in a position to know about the instructions given to the clerk's office by the

---

[14] *See Taylor v. Principi*, 141 Fed. Appx. 705, 707 (10th Cir. June 28, 2005) (unpublished op.) (stating that an affidavit will not be stricken based on the absence of an express statement that the affiant had personal knowledge of the contents).

[15] The Tenth Circuit Court of Appeals stated:

> [T]he personal knowledge of the affiant required by Rule 56(e) may be inferred from the context of the affidavit. Thus, the failure of an affidavit to *state* that the statements therein were based on personal knowledge does not prevent that affidavit from being properly considered.

*Roberts v. Cessna Aircraft Co.*, 289 Fed. Appx. 321, 324 (10th Cir. Aug. 14, 2008) (unpublished op.) (emphasis in original; citations omitted).

county district judges.[16] In these circumstances, the affidavit is admissible even though the first deputy court clerk did not state how she had acquired the information.

D.   Alleged Inclusion of Hearsay

Mr. Portley-El also contends that the instructions to the court clerk's office and to Ms. Blevins would be inadmissible as hearsay. This argument is invalid, as instructions to another individual do not constitute "hearsay" because they are not offered to prove the truth of the matter asserted.[17]

E.   Alleged Failure to Make Initial Disclosures

The Plaintiff also complains that the Defendant did not provide initial disclosures under Fed. R. Civ. P. 26(a)(1)(A) and (B). But these provisions are inapplicable. Because the plaintiff is a prisoner in state custody, the action is exempt from the requirement for initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv).

---

[16]   *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000) ("Personal knowledge can be inferred from an affiant's position." (citations omitted)).

[17]   The Tenth Circuit Court of Appeals has explained: "An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth. The orders or instructions were offered to show that they occurred rather than to prove the truth of something asserted." *United States v. Shepherd*, 739 F.2d 510, 514 (10th Cir. 1984) (citations omitted); *accord United States v. Bailey*, 270 F.3d 83, 87 (1st Cir. 2001) ("This Court has held that directions from one individual to another . . . do not constitute hearsay." (citation omitted)); *United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir. 1999) ("Statements offered as evidence of commands . . . directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay." (citation omitted)); *United States v. Thomas*, 451 F.3d 543, 548 (8th Cir. 2006) ("commands generally are not intended as assertions, and therefore cannot constitute hearsay" (citations omitted)); 30B Michael Graham, *Federal Practice and Procedure Evidence* § 7005 at 86 (4th interim ed. 2006) ("Instructions to an individual to do something are also not hearsay." (footnote omitted)).

F.  Alleged Bias

Finally, Mr. Portley-El argues that the affiant was biased in favor of Ms. Blevins. But bias on the part of the affiant would not affect the availability of summary judgment.[18]

IV.  Effect of the Affidavit

The first deputy court clerk's affidavit is admissible and indicates that Ms. Blevins was acting based on directions given to the clerk's office by a state district judge. The Plaintiff has not presented any contrary evidence. As a result, Ms. Blevins is entitled to absolute immunity on the Section 1983 claims. *See supra* p. 5. *A fortiori*, Mr. Portley-El is not entitled to judgment as a matter of law on these claims, and the Court should reject his related argument for summary judgment on the causes of action arising under Section 1983.

SECTION 1981: INDIVIDUAL CAPACITY CLAIMS

Mr. Portley-El also invokes 42 U.S.C. § 1981, and Ms. Blevins is entitled to summary judgment on this claim.

---

[18]  *See United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) ("That an affidavit is self-serving bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact.").

Under Section 1981, Mr. Portley-El must prove intentional discrimination.[19] Ms. Blevins denied intentional discrimination, triggering a duty for Mr. Portley-El to present evidence of this element. *See supra* p. 2. The Plaintiff did not respond to this argument or provide any evidence of intentional discrimination.[20] Without such evidence on an element of the Plaintiff's Section 1981 claim, the Defendant is entitled to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (requiring entry of summary judgment when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").[21] Consequently, Mr. Portley-El's motion for summary judgment should be denied on the individual capacity claims under Section 1981.

---

[19] *See Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1073 (10th Cir. 2002) ("A § 1981 . . . plaintiff must prove by a preponderance of the evidence that the defendant intentionally discriminated against him or her on the basis of race." (citation omitted)).

[20] In the complaint, the Plaintiff appears to allege discrimination based on his citizenship in another state rather than on the basis of his race. *See* Complaint at p. 5. The Defendant has not challenged the applicability of Section 1981 to discrimination based on one's citizenship in another state.

[21] The Defendant has not challenged the availability of damages as a remedy upon proof of intentional discrimination. *Cf. Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, 1137 (10th Cir. 2006) ("even after the 1991 amendments to § 1981, damages claims against state actors for § 1981 violations must be brought under § 1983").

## CLAIMS UNDER OKLAHOMA LAW:
## INDIVIDUAL AND OFFICIAL CAPACITY CLAIMS

Ms. Blevins also seeks summary judgment on the Plaintiff's state law claims based on immunity under Oklahoma's governmental tort claims act. For this argument, the Court must determine:

- whether the Plaintiff's claims constitute "torts" for purposes of the state law,[22]
- whether Ms. Blevins is considered an employee of a political subdivision, and
- whether Ms. Blevins was acting within the scope of her employment.

The Court should answer all of these questions in the affirmative and dismiss the state law claims.

Under the Oklahoma Governmental Tort Claims Act ("GTCA"), "[t]he state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts." Okla. Stat. tit. 51 § 152.1(A) (2001). The threshold question is whether the Plaintiff's state law claims involve "torts" for purposes of the GTCA.

A "tort" is broadly defined as "a legal wrong, independent of contract, involving violation of a duty imposed by general law or otherwise, resulting in a loss to any person . . . as the proximate result of an act or omission of . . . the state or an employee acting within the scope of employment." Okla. Stat. tit. 51 § 152(13) (2001).

---

[22] The Plaintiff has not stated a position on this issue. *See* Courtroom Minute Sheet (Jan. 14, 2009).

Mr. Portley-El has asserted state law claims involving violation of:

- the state constitution and

- state statutes.

By definition, these claims involve "constitutional torts"[23] and "statutory torts"[24] for purposes of the GTCA. Because these claims involve species of "torts," they are subject to the GTCA.[25]

The resulting question is whether the GTCA applies to Ms. Blevins. As discussed above, all employees of political subdivisions enjoy immunity for acts committed within the scope of employment. *See supra* p. 12 (citing Okla. Stat. tit. 51 § 152.1(A) (2001)). A "political subdivision" includes a county. *See* Okla. Stat. tit. 51 § 152(10) (2001). As an employee of Oklahoma County, Ms. Blevins is considered an employee of a "political

---

[23]   *See Binette v. Sabo*, 710 A.2d 688, 693 n.12 (Conn. 1998) ("A constitutional tort is any action for damages for violation of a constitutional right against a government or individual defendants."); *Brown v. State of New York*, 12 Misc. 3d 633, 636, 814 N.Y.S.2d 492, 498 (N.Y. Ct. Cl. 2006) (stating that a "constitutional tort" is "an action for damages for violation of a constitutional right against a government or individual defendants" (citation omitted)), *aff'd*, 45 A.D.3d 15, 841 N.Y.S.2d 698 (N.Y. A.D. 2007).

[24]   *See Morgan v. Galilean Health Enterprises, Inc.*, 977 P.2d 357, 361 (Okla. 1999) (defining a "statutory tort" as "a legislatively-crafted, non-contractual duty, unknown to the common law, for the breach of which an action *ex delicto* will lie" (footnote omitted)).

[25]   *See Jensen v. Reeves*, 3 Fed. Appx. 905, 911-12 (10th Cir. Feb. 9, 2001) (unpublished op.) (holding that claims involving violation of the Utah Constitution are covered by the Utah Governmental Immunity Act); *accord Houghton v. Forrest*, 959 A.2d 816, 832 (Md. Ct. Spec. App. 2008) (holding that the Maryland Local Government Tort Claims Act "applies to all tort claims, including intentional and constitutional torts" (citations omitted)); *Burden v. County of Santa Clara*, 81 Cal. App. 4th 244, 253 (2000) (holding that "a statutory tort cause of action," "by its nature, [was] subject to the [California] Tort Claims Act").

subdivision" for purposes of the GTCA.[26] Thus, Ms. Blevins enjoys immunity under the GTCA if she was acting within the scope of employment. *See Speight v. Presley*, ___ P. 3d ___, 2008 WL 4852964, Westlaw op. at 5 (Okla. Nov. 10, 2008) (to be published) (stating that claims against the court clerk fell within the GTCA).[27]

According to the Plaintiff, the Defendant's illegal conduct was "malicious[]" and "intentional[]." Complaint at p. 1. If Ms. Blevins' conduct were truly malicious and intentional, the GTCA would not protect her. *See Fehring v. State Insurance Fund*, 19 P.3d 276, 283 (Okla. 2001) (stating that for purposes of the GTCA, an employee is acting within the scope of his employment only when "'acting in good faith'").

Ms. Blevins has provided evidence that she was simply following a state judge's instructions when she returned the petition to Mr. Portley-El for service. *See supra* pp. 5-6.[28] The burden shifted to Mr. Portley-El to produce contrary evidence. *See supra* p. 2. The

---

[26] *See* Okla. Const. art. 17 § 2 (creating the position of court clerk for each county in Oklahoma); *see also Petuskey v. Cannon*, 742 P.2d 1117, 1120 (Okla. 1987) ("Turning to a district court clerk, the Oklahoma Constitution delineates the clerk as a county officer." (citing Okla. Const. art. 17 § 2)).

[27] Mr. Portley-El argues that *Speight* should not apply because it was issued after initiation of the suit. This argument is invalid, as *Speight* did not change the law. And even if it had, the federal court would need to apply the GTCA as it is currently interpreted with the aid of the state supreme court's recent decision in *Speight*. *See Izard v. United States*, 946 F.2d 1492, 1495 (10th Cir. 1991) ("Under Oklahoma law, the general rule is that an appellate court must apply the law in effect at the time it renders its decision." (citation omitted)).

[28] As discussed above, the Plaintiff contends that the first deputy court clerk did not state in her affidavit that she was competent to testify. *See supra* p. 6. For the state law claims, the affiant's competency is governed by Oklahoma law. *See* Fed. R. Evid. 601. Under Oklahoma law, the affiant's competency is presumed. *See Gilson v. State*, 8 P.3d 883, 906 (Okla. Crim. App. 2000) ("Under 12 O.S.1991, § 2601, all persons are presumed competent to testify.").

Plaintiff failed to do so, and the Court should determine for purposes of summary judgment that Ms. Blevins was acting within the scope of her county employment when the alleged violations occurred. *See supra* p. 2. As a result, the Defendant is entitled to summary judgment on the state law claims arising under the GTCA.[29]

Under the GTCA, "[t]he liability of the state or political subdivision . . . [is] exclusive" and takes the place of any liability on the part of the "employee." Okla. Stat. tit. 51 § 153(B) (2001). Thus, on the state law claims, the only proper defendant is the political subdivision.[30]

---

[29] Mr. Portley-El suggests that if Ms. Blevins lacked an official capacity, she should have disobeyed the judge's instructions if they had been improper. This argument involves semantics. Regardless of whether Ms. Blevins had an "official capacity," she incurred a statutory duty to obey the "directives" of the presiding judge. *See* Okla. Stat. tit. 20, ch. 1 app. 2, Rules on Administration of Courts, Rule 2 (2001) ("All judicial personnel and court officials within a judicial administrative district shall comply with the . . . directives of the Presiding Judge . . . ."). The Oklahoma Supreme Court explained: "In ministerial matters, the District Court Clerk is serving his Court subject to the authority of the Administrative Judge. Even though he may disagree with a particular order of the Administrative Judge, he has no discretion but to follow it in ministerial matters." *Petuskey v. Cannon*, 742 P.2d 1117, 1123 (Okla. 1987). The Court can take judicial notice of the fact that Judge Haught, who issued the directive according to the first deputy court clerk, was the presiding judge of Beckham County. *See Kargman v. Superior Court*, 357 N.E.2d 300, 326-27 (Mass. 1976) (taking judicial notice of the identity of the district court's presiding judge); *Midboe v. Midboe*, 303 N.W.2d 548, 550 n.1 (N.D. 1981) (taking judicial notice of the identity of another court's presiding judge); *State of Alabama v. Sandifer*, 925 So. 2d 290, 291 n.1 (Alab. Crim. App. 2005) (*per curiam*) (stating that the court can take judicial notice of the identity of the presiding judge in another court).

[30] *See* Okla. Stat. tit. 51 § 163(C) (2001) ("In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . .").

On the GTCA claims, Ms. Blevins could not be named as a defendant either in her individual or official capacity.[31] Consequently, the Court should grant summary judgment to the Defendant on the state law claims.[32] With this outcome, Mr. Portley-El cannot prevail on his cross-motion for summary judgment on the state law claims.

## SUMMARY OF RECOMMENDATIONS

Ms. Blevins' motion for summary judgment should be granted and Mr. Portley-El's motion should be denied.

## NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by February 19, 2009. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested rulings.[33]

---

[31] *See Speight v. Presley*, ___ P.3d ___, 2008 WL 4852964, Westlaw op. at 5 (Okla. Nov. 10, 2008) (to be published) (holding that a suit against a county court clerk in "his or her official capacity . . . is improper under the GTCA" (citation omitted)); *Pellegrino v. State*, 63 P.3d 535, 537 (Okla. 2003) (holding that the GTCA relieves a government employee of individual liability when he acts within the scope of employment).

[32] *See Wilson v. City of Tulsa*, 91 P.3d 673, 678-79, 681 (Okla. Civ. App. 2004) (affirming summary judgment for a police chief acting within the scope of his employment because under Okla. Stat. tit. 51 § 163(C), he could not incur personal liability and should not have been named as a defendant).

[33] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is terminated.

Entered this 30th day of January, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge