## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

PATRICK DURAY PORTLEY-EL,     )
                                    )
             Plaintiff,     )
vs.                           )     NO. CIV-08-160-D
                                    )
MARY BLEVINS,             )
                                    )
             Defendant.     )

## O R D E R

Pursuant to 42 U.S.C. §§ 1981 and 1983, Plaintiff, a state prisoner appearing *pro se*, alleges in this action that his constitutional rights were violated by the defendant, a Beckham County, Oklahoma deputy court clerk. Specifically, Plaintiff contends that Defendant Blevins violated his rights by allegedly refusing to submit to the Beckham County Sheriff for service of process a habeas corpus petition prepared by Plaintiff. The action was originally filed in the District Court of Beckham County, and was removed to this court.

In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for initial proceedings. After each party filed a motion for summary judgment, Judge Bacharach filed a Report and Recommendation [Doc. No. 41] in which he recommended that Plaintiff's motion be denied and that Defendant's motion be granted. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

Summary judgment may be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the

governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).   To avoid summary judgment, a plaintiff must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Id.*   The facts in the record and reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. *MacKenzie v. City & County of Denver*, 414 F. 3d 1266, 1273 (10th Cir. 2005).

In this case, Defendant's motion argues that she is entitled to judgment as a matter of law because Plaintiff cannot establish the essential elements of his claim.   Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, defendant is entitled to judgment on that cause of action.  *Celotex,* 477 U.S. at 322.   Defendant is required to produce affirmative evidence negating an essential element of Plaintiff's claim or show that he lacks the evidence required to establish a *prima facie* case.  *Pelt v. Utah*, 539 F. 3d 1271, 1280 (10th Cir.2008). Similarly, with respect to his motion, Plaintiff must "establish, as a matter of law, all essential elements" of his claim before Defendant is required to present specific facts to rebut Plaintiff's case. *Id.*

As the Magistrate Judge pointed out in the Report and Recommendation, the parties do not dispute that Plaintiff filed a petition for a writ of habeas corpus in the District Court of Beckham County and that he requested service of process by the county sheriff.   It is also not disputed that Defendant then returned the document to Plaintiff to serve via certified mail rather than submitting it directly to the county sheriff.

Liberally construing Plaintiff's allegations, the Magistrate Judge interpreted his claims as asserted against Defendant in both her official and individual capacities.  The Magistrate Judge correctly concluded that, pursuant to *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), a suit against

2

a county officer in her official capacity is the equivalent of a suit against the county. *See also Barney v. Pulsipher*, 143 F. 3d 1299, 1307 (10ᵗʰ Cir. 1998).  The liability of a county cannot be based on a theory of *respondeat superior*; instead, the plaintiff must allege that the violation at issue resulted from a county policy or custom.  *See, e.g., Meade v. Grubbs*, 841 F.2d 1512, 1529 (10ᵗʰ Cir. 1988).

In this case, Plaintiff did not allege that the conduct of Blevins was based on an allegedly unconstitutional policy or custom of Beckham County.  As Defendant argued in her motion, Plaintiff offered no evidence to support such a contention.  Accordingly, Defendant is entitled to judgment on Plaintiff's official capacity claims.

With respect to claims asserted against her in her individual capacity, Blevins argues that she is entitled to judgment as a matter of law because she is entitled to immunity since her actions regarding Plaintiff's request for service of process were taken under the express direction of the state court judge.  The absolute immunity afforded to judges extends to non-judicial officers who are carrying out the orders of a judge.  *Valdez v. City and County of Denver*. 878 F. 2d 1285, 1287-89 (10ᵗʰ Cir. 1989).  Specifically, absolute immunity extends to a court clerk who is "acting under the command of a court decree or explicit instructions from a judge."  *Stein v. Disciplinary Board of the Supreme Court of New Mexico*, 520 F. 3d 1183, 1191-92 (10ᵗʰ Cir. 2008).

As the Magistrate Judge discusses at pages 5 through 9 of the Report and Recommendation, Blevins submits evidence to support her contention that, in connection with her actions regarding the service of summons, she was acting in response to explicit instructions of a district judge. Plaintiff challenges this evidence, arguing that an affidavit submitted by Blevins is inadmissible for various reasons.  However, as the Magistrate Judge notes at pages 6 through 9 of the Report and Recommendation, Plaintiff's arguments do not render the affidavit inadmissible.  For the reasons

set forth in the Report and Recommendation, the affidavit is admissible; Plaintiff offers no contrary evidence. The Magistrate Judge correctly concluded that Blevins is entitled to judgment as a matter of law on Plaintiff's § 1983 claims asserted against her in her individual capacity.

The Magistrate Judge also correctly determined that defendant Blevins is entitled to judgment on the § 1981 claim. To prevail on his claim pursuant to § 1981, Plaintiff must prove that Blevins intentionally discriminated against him. *Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F. 3d 1065, 1073 (10th Cir. 2002). Blevins has denied that she did so, and Plaintiff has failed to respond to her denial with any contradictory evidence. In fact, Plaintiff has failed to present any evidence that could support a factual dispute regarding intentional discrimination. Because intent is an essential element of a § 1981 claim, Plaintiff's failure to present any evidence of intentional conduct is fatal to his claim. Defendant Blevins is entitled to judgment on Plaintiff's § 1981 claim.

As the Magistrate Judge discussed at pages 12 through 16 of the Report and Recommendation, Plaintiff also alleges that Blevins engaged in tortious conduct that is actionable under Oklahoma law. Defendant seeks judgment on these alleged tort claims, arguing that she is immune from liability under the Oklahoma Governmental Tort Claims Act ("GTCA"). Under the GTCA, the state, its political subdivisions and all employees are immune from liability for tortious conduct committed while the employees acted within the scope of their employment. Okla Stat. tit. 51 § 152.1(A)(2001). Political subdivision immunity is waived only to the extent provided in the GTCA. *Id.* As discussed in the Report and Recommendation, the claims asserted by Plaintiff are regarded as "constitutional torts," and are covered by state governmental tort claims provisions. *See, e.g., Jensen v. Reeves,* 3 Fed. Appx. 905, 911-12 (10th Cir. Feb. 9, 2001)(applying Utah's

4

Governmental Immunity Act).   As a county employee, Blevins is employed by a political subdivision as defined by the GTCA.  Okla. Stat. tit. 51 § 152(10) (2001);  *Petusky v. Cannon*, 742 P. 2d 1117, 1120 (Okla. 1987).  Accordingly, the GTCA immunity provisions apply to her conduct occurring within the scope of her employment.

As discussed in detail at pages 14 through 16 of the Report and Recommendation, the only evidence before the Court establishes that, at all times pertinent to Plaintiff's claims, Blevins was acting within the scope of her employment as a county deputy court clerk.  Accordingly, the Magistrate Judge correctly determined that she is entitled to immunity under the GTCA for any tortious conduct.

Having reviewed the record, the Report and Recommendation, and Plaintiff's objections, the Court concludes that the Report and Recommendation [Doc. No. 41] should be, and is, ADOPTED. Plaintiff has failed to submit evidence showing that he is entitled to judgment as a matter of law; further, the undisputed material facts in the record establish that defendant Blevins is entitled to judgment as a  matter of law on all claims asserted by Plaintiff.   Defendant's Motion for Summary Judgment is GRANTED; Plaintiff's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED this  _24th_  day of March, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE